Filing # 68416698 E-Filed 02/23/2018 07:46:05 PM

JOEY D. GONZALEZ,
    Plaintiff,

vs.

CLIFFORD L. RAMSEY,
    Defendant.
_____/

IN THE CIRCUIT COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2017-026753-CA-01

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INJUNCTIVE RELIEF

Plaintiff, Joey D. Gonzalez, hereby sues Defendant Clifford L. Ramsey ("Ramsey"), for defamation, defamation per se, intentional infliction of emotional distress, and injunctive relief, and alleges as follows:

### PARTIES

1. Plaintiff, Joey Gonzalez, is an individual over the age of 18 who is sui juris and resides in Miami-Dade County.

2. Plaintiff is a career employee of the U.S. Department of Agriculture ("USDA"), and a Florida barred attorney.

3. At all material times, Plaintiff occupied the position of Information Technology Specialist ("IT Specialist") at the USDA.

4. For the past 8 years and until April 2017, Plaintiff was the president of the National Federation of Federal Employees ("NFFE"), Local 1752 (the "union").

5. Defendant, Clifford Ramsey, is an individual over the age of 18 who is sui juris and resides in Miami-Dade County.

6. Ramsey was an employee of the USDA in Miami from July 2016 until approximately September 2017.

# Exhibit A

### JURISDICTION & VENUE

7. This is an action for Defamation (Libel and Slander Per Se) and Intentional Infliction of Emotional Distress. Damages in this action are in excess of $15,000, exclusive of interest, cost and attorney's fees.

8. At all times material to this complaint the events took place in Miami-Dade. As such, Miami-Dade County is the proper venue for this action.

### FACTS COMMON TO ALL COUNTS

9. On August 17, 2016, Ramsey emailed Plaintiff in his capacity as union president seeking assistance to file grievance and a complaint for discrimination against Plaintiff's supervisor, the Administrative Officer of the USDA Miami location. In his email, Ramsey accused the Administrative Officer of refusing to explain to him his salary and responsibilities, and for making him wear a "giant shirt." According to Ramsey, all these actions were taken because of his race. *See* Exhibit A.

10. On or about August 18, 2016, Ramsey and Plaintiff met regarding Ramsey's concerns. Explaining the direct evidence to sustain an allegation of discrimination, Plaintiff related to Ramsey an incident that occurred at the Miami USDA location that involved an employee calling another "nigger."

11. Thereafter Plaintiff explained to Ramsey that he did not believe the union could prevail in a grievance against Ramsey the Administrative Officer, or that he had sufficient evidence to sustain his allegations of discrimination.

12. On September 12, 2016, Ramsey emailed NFFE and stated that Plaintiff used "the racial epithet the N-word to describe [him] and compare [him] to other cases." According to Ramsey, "anger" was directed at him because Plaintiff and the Administrative Officer were friends. *See*

# Exhibit A

Exhibit B.

13. On October 12, 2016, Ramsey emailed personnel from the USDA to complain about Plaintiff. According to Ramsey's email, Plaintiff told him "about another case where a black man was called nigger on the station." Also, according to Ramsey, he told Plaintiff that his mother is Dominican and his father African American, and that in response Plaintiff told him that he hated the police and consistently referred to a police officer as a "nigger." *See* Exhibit C.

14. On November 4, 2016, Ramsey filed a discrimination complaint with the USDA Civil Rights Office (hereinafter the "EEO complaint"). This time Ramsey testified that during a conversation with Plaintiff, he informed Plaintiff that his mother was from the Dominican Republic. Ramsey alleged that Plaintiff responded that he thought that Ramsey was a "nigger." According to Ramsey, Plaintiff continued to use the word "nigger" throughout the conversation until he asked Plaintiff to cease from continuing the use of that word. *See* Exhibit D at 2.

15. Approximately on December 12, 2016, Plaintiff's supervisor informed him that he had received an email from Ramsey in which Ramsey made certain threats including that he had reached a "boiling point" and that he felt as he was on "combat zone." Concerned about these threats Plaintiff filed a police report.

16. As a result of Ramsey's threats, the USDA temporarily reassigned Plaintiff to the USDA location in Fort Lauderdale, Florida.

17. On January 26, 2017, Plaintiff found in his office two printed emails from Ramsey directed to USDA personnel. These emails, included here as Exhibit E contained the following threatening or false statements:

> "This morning joey Gonzalez was lurking around the office and staring at me thru the door that was closed. And after I went outside this morning for a break I was he was walking from loading dock side of the building and stared me down on my way in the building I have reached a boiling point...";

# Exhibit A

"I am trying to remain rule following employee but I cannot go on quietly…";

"If you woke up every day trying to forget about things that have happened in your past and you are constantly having to be on the alert as if I were in combat it gets draining.";

"I was confronted by joey in the office and he tried to make me do things his way by signing things, putting his hands up and raising his voice as if he was were going to put his hands on me then basically holding me hostage in the mail area…";

"After all I have been through in life I should be able to come to my job and be treated like a normal human being not someone's slave working in above 100 degree weather outside or being called the n-word by another employee.";

"To be honest with you the situations tension is growing he is trying to have more interaction with me since the "no contact" order him and his supervisor are taking this matter as a joke and I am being allowed by ARS to be harassed on the daily basis in my workplace…";

"The situation is spiraling out of control very fast and I don't want to be the bear that is being poked."

18. After reading the above threats, Plaintiff resorted to file a police report and hid his vehicle in different locations at this place of employment to make Ramsey believe he was absent. Plaintiff also locked himself in his office to protect himself from Ramsey.

19. Most of the time Plaintiff spent at work, he spent it locked in his office. Plaintiff also avoided walking around his workplace fearing a confrontation with Ramsey.

20. On January 15, 2018, as a result of Ramsey's statements, Plaintiff was suspended from salary and employment for two weeks. Plaintiff was also placed on a Performance Improvement Plan ("PIP") leading up to his dismissal from the USDA.

21. All of Ramsey's allegations in which he alleges Plaintiff called him a "nigger" are false.

22. All of Ramsey's allegations that Plaintiff harassed him are false.

# Exhibit A

## COUNT I
## DEFAMATION
## LIBEL PER SE and SLANDER PER SE

23. Plaintiff incorporates paragraph 1 through 22 as set forth herein.

24. At all material times, Ramsey published verbal and written false statement about Plaintiff to third parties.

25. Among these statements Ramsey alleged that Plaintiff had called him a "nigger", that Plaintiff attempted to keep him hostage, and that Plaintiff was harassing him.

26. The evidence attached to this complaint demonstrate that from September 12, 2016 to November 12, 2016, Ramsey changed his allegations about Plaintiff at least three times.

27. The allegation(s) made public by the Ramsey, are defamatory *per se* and are one(s) which would be offensive and objectionable to a reasonable person, and were offensive and objectionable to Plaintiff's employer and others.

28. All acts described were not privileged as Ramsey's statements were selfish and malicious, based on retaliation, not truth. Ramsey acted with express malice because of his dissatisfaction with Plaintiff's decision not to file a grievance or represent him in a discrimination complaint against the Administrative Officer. According to Ramsey, Plaintiff refused to file the grievance and the complaint because Plaintiff and the Administrative Officer were friends. *See* Exhibit B.

29. Plaintiff has been damaged by these false statements because these statements subject Plaintiff to hatred, distrust, ridicule, contempt and disgrace and attribute Plaintiff conduct, characteristics and conditions incompatible with the proper exercise of Plaintiff's trade and profession or business.

# Exhibit A

30. Plaintiff is entitled to punitive damages in this case as the above defamatory statements were made maliciously, willfully, wantonly, and with a reckless disregard for the truth. The primary purpose in making the above statements was to indulge ill will, hostility and to harm the Plaintiff and destroy the Plaintiff's reputation.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff incorporates paragraph 1 through 22 as set forth herein.

32. At all material times, Ramsey intended to cause severe emotional distress or acted with reckless disregard of the high probability of cause severe emotional distress.

33. Ramsey's outrageous conduct included making threats to Plaintiff such as that he reached a "boiling point", that he felt he was in a "combat zone", that he was trying to remain a "rule following employee", and that he did not want to be "the bear that is being poked." *See* Exhibit E.

34. Ramsey made these threats in connection with his false allegations that Plaintiff was harassing him. These threats were communicated to Plaintiff, and would indicate to a reasonable person that Ramsey intended to attack Plaintiff while at the workplace.

35. As a result of Ramsey's threats, Plaintiff filed a police report, was reassigned to a different work location, and spent most of his time at work locked in his office.

36. At all material times, Ramsey's conduct towards Plaintiff was deliberate, wanton, willful, intentional, and reckless, and so outrageous as to go beyond all bounds of decency and to be so atrocious and utterly intolerable in a civilized community.

37. As a direct and legal consequence of said intentional and reckless infliction of emotional distress by Ramsey, Plaintiff has suffered and continues to suffer severe emotional distress.

# Exhibit A

## COUNT III
## INJUNCTIVE RELIEF

1. Plaintiff incorporates paragraph 1 through 27 as set forth herein

2. This is an action for injunctive relief brought pursuant to Chapter 26, Florida Statutes.

3. According to §26.012, Florida Statutes, this action is within the jurisdiction of this court.

4. Through its past and present defamatory, libelous, slanderous, and/or disparaging Statements regarding Plaintiff, Defendant's communications have injured and continues to cause Plaintiff irreparable damage.

5. The injuries to Plaintiff include, but are not limited to, impairment of reputation, standing among his employer, fees and other cost, and lost profits.

6. Plaintiff has no adequate remedy at law and cannot remedy the injuries caused by Defendant.

Plaintiff requests that this Court enter an order enjoining and prohibiting Defendant from making or publishing any further defamatory, libelous, slanderous and/or disparaging statements regarding Plaintiff, in or through any media, and such other further relief as the Court may deem proper.

### Prayer For Relief

Wherefore, Plaintiff prays for judgment against Defendant for damages and costs incident to this matter as follows:

   i.   Award Plaintiff all compensatory damages including consequential and incidental damages as a result of Ramsey's actions in an amount to be determined at trial.

   ii.  Award Plaintiff punitive damages in accordance with §768.72 of Florida Statutes.

   iii. Require Ramsey to make a retraction of the false statements.

   iv.  Grant preliminary and permanent injunctive relief to prevent Ramsey from making further defamatory remarks.

# Exhibit A

v.  Grant such further relief this court deems just and proper.

## Prayer For Jury Trial

Plaintiff hereby demands trial by jury on all issues so triable as a matter of right.

/s/ Joey D. Gonzalez
Joey D. Gonzalez
Florida Bar No. 127554
P.O. Box 145073
Coral Gables, FL 33114-5073
Telephone: 305-720-3114 / Fax: 305-676-8998
E-service: joey.gonzalez@jdg-lawoffice.com
Pro Se

# Exhibit A

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2018, a true and correct copy of the foregoing was sent through the Florida Courts E-Filing Portal to:

Beverly Virues
Florida Bar No. 123713
beverly@beckandlee.com

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone: (305) 234-2060
Facsimile: (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

**CULLIN O'BRIEN LAW, P.A.**
Cullin O'Brien
Florida Bar No. 597341
6541 NE 21st Way
Ft. Lauderdale, FL 33308
Telephone: 561/676-6370
561/320-0285 (fax)
cullin@cullinobrienlaw.com

*Attorneys for Clifford L. Ramsey*

/s/ Joey D. Gonzalez
Joey D. Gonzalez

# Exhibit A