IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case #20-cv-25019 DLG

JOEY D. GONZALEZ,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW THE UNITED STATES OF AMERICA, the Defendant, by and through the undersigned Assistant United States Attorney and pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, moves to dismiss the Complaint for Damages (ECF #1-1) for lack of subject matter jurisdiction, and, in support thereof, states the following.

**I. Factual Background and Procedural History**

1. On February 23, 2018, Plaintiff, Joey D. Gonzalez, *pro se*, as a private citizen and resident of Miami-Dade County, filed a civil Amended Complaint for damages in the Circuit Court in and for Miami-Dade County, Florida, styled *Gonzalez v. Ramsey*, 2017-026753 CA 01 (Civil Division). In essence, the Amended Complaint alleges state torts (defamation (Count 1) and intentional infliction of emotional distress (Count 2) stemming from interaction between Plaintiff and Defendant while both were employed with the United States Department of Agriculture in Miami, Florida, during 2016 and 2017. See attached **Exhibit A**.

2. On November 20, 2020, the United States Attorney for the Southern District of Florida certified that Clifford Ramsey was acting within the course and scope of his employment at the time of the alleged events set forth in the Amended Complaint. See attached **Exhibit B**.

3. The Federal Tort Claims Act (FTCA) is the exclusive remedy for tort claims resulting from an act or omission of a federal employee where that employee was acting within the scope of his or her employment. 28 U.S.C. § 2679(b)(1) ("The remedy against the United

States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"). Where a plaintiff names a federal employee in an individual capacity, scope of employment needs to be evaluated and, if scope is certified, the United States is substituted as the proper party defendant. 28 U.S.C. § 2679(d)(2) ("Upon certification . . . that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification . . . shall conclusively establish scope of the office or employment for purposes of removal.").

    4.    On December 9, 2020, the United States filed the Notice of Removal and Substitution of Party Defendant (Notice of Removal) (ECF #1). Pursuant to the Notice of Removal, the United States removed the case and substituted itself as the proper party defendant pursuant to 28 U.S.C. § 2679(d)(2).

    5.    The United States now moves to dismiss this case for lack of subject matter jurisdiction. The United States is the only proper party defendant for Plaintiff's alleged damages resulting from the alleged state torts (defamation (Count 1) and intentional infliction of emotional distress (Count 2) stemming from interaction between Plaintiff and Defendant while both were employed with the United States Department of Agriculture in Miami, Florida, during 2016 and

2017., and the FTCA is the exclusive remedy for any such claim (or claims). As Plaintiff failed to properly exhaust his administrative remedies prior to filing suit, the Court lacks subject matter jurisdiction, and this case must be dismissed.

### II. Analysis

#### A. The United States is immune from suit unless it expressly waives sovereign immunity.

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). "[A] court must strictly observe the 'limitations and conditions upon which the Government consents to be sued' and cannot imply exceptions not present within the terms of the waiver." Id. At 1322 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Id*. (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994)).

#### B. The FTCA requires exhaustion of administrative remedies in order to waive sovereign immunity.

The FTCA is a limited waiver of sovereign immunity and, as such, must be strictly construed in favor of the sovereign. *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001); *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). Where the government has not expressly waived sovereign immunity, the Court lacks subject matter jurisdiction and the case must be dismissed for lack of subject matter jurisdiction. *Martinez v. Minnis*, 257 Fed. Appx. 261, 263-64 (11th Cir. 2007) (citing *Burchfield v. United States*, 168 F.3d 1252, 1254-55 (11th Cir. 1999). See also *Molinar v. United States*, 515 F.2d 246, 249 (5th Cir. 1975) ("Adherence to the statutory procedure for making a claim against the sovereign is a jurisdictional prerequisite to the benefit of the sovereign's waiver of its immunity.").

Pursuant to the FTCA, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency

and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. §2675(a). Both the Supreme Court and the Eleventh Circuit have made clear that when a plaintiff files suit prior to administratively exhausting the claims, the suit is prematurely filed and the court is divested of subject matter jurisdiction. See, e.g., *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Davis v. United States*, 272 Fed. Appx. 863, 866 (11th Cir. 2008); *Seneca v. United States*, 318 Fed. Appx. 741, 746 (11th Cir. 2008).

This is true regardless of whether the suit is filed in federal court against the United States or filed in state court against an employee of the United States and then removed with the United States substituted as the proper party defendant. 28 U.S.C. § 2679(d)(4) ("any action or proceeding subject to paragraph (1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to those actions."); *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 82 (2d Cir. 2005) (affirming dismissal for lack of subject matter jurisdiction where the plaintiff sued a federally funded health center in state court prior to exhausting administrative remedies after the United States certified scope of employment, removed the case, and substituted itself in place of the health center); *McLaurin v. United States*, 392 F.3d 774, 782 (5th Cir. 2004) (same where the plaintiff named a doctor at the health center). "[T]he law requires that all suits, including those in state court and against defendants who are yet to be formally replaced by the United States, must not be filed until administrative-exhaustion requirements have been satisfied." *Katich v. United States*, No. 3:14-CV-303-MEF, 2014 WL 2832683, at *2 (M.D. Ala. June 20, 2014). Where the United States is the proper party defendant for a claim under the FTCA, the court lacks subject matter jurisdiction where the plaintiff filed suit prior to properly exhausting all administrative remedies. See, e.g., *Celestine*, 403 F.3d at 84; *McLaurin*, 392 F.3d at 782.

### C. Because Plaintiff failed to exhaust administrative remedies, the Court lacks subject matter jurisdiction in this case.

In this case, Plaintiff filed the Complaint prior to exhausting administrative remedies. See **USDA Declaration, Exhibit C**. Not only was the administrative claim not exhausted when Plaintiff filed suit, it was not even submitted. Therefore, the Court lacks subject matter jurisdiction to entertain the exclusive remedy available to Plaintiff in this case: a claim under the FTCA. The Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

> The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims. *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir. 1994). "It allows the government to be sued by certain parties under certain circumstances...." *Id.* However, "[a] federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Id.* (citing 28 U.S.C. § 2675(a)). The administrative claim must be filed within two years from the time the claim accrues and must be "accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); 28 U.S.C. §§ 2675, 2401(b).

*Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006); *see also Douglas v. United States*, 814 F.3d 1268, 1279 (11th Cir. 2016)("Before filing an FTCA lawsuit, a plaintiff must fully exhaust administrative remedies for his claims."). Because Gonzalez failed to exhaust his exhaust administrative remedies for his claims, his amended Complaint must be dismissed.

### D. The FTCA does not waive sovereign immunity for libel and slander.

Moreover, even if Plaintiff had exhausted his administrative remedies he would not be able to bring a claim for libel and/or slander as alleged in Count I of his amended Complaint. The FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising out of . . . libel [and/or] slander." 28 U.S.C. § 2680(h); *Zelaya*, 781 F.3d at 1334 (finding no waive of sovereign immunity for any claim arising out of one of § 2680(h)'s enumerated intentional torts); *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (same).

> The "intentional tort exception" to the FTCA provides that the United States maintains its sovereign immunity and cannot be sued for "[a]ny claim arising out of ... libel[ or] slander." 28 U.S.C. § 2680(h); *see Alvarez v. United States*, 862 F.3d 1297, 1301–02 (11th Cir. 2017) (explaining intentional tort exception). Burns's complaint alleged claims of defamation. After substitution of the United States as the sole party, Burns's

defamation claims were "barred by the FTCA's exception from liability of claims arising out of libel or slander." See *O'Ferrell v. United States*, 253 F.3d 1257, 1263 n. 4, 1265–66 (11th Cir. 2001) (quotation marks omitted and alterations adopted). Without the United States' consent to be sued for defamation, Burns's claims were due to be dismissed for lack of subject matter jurisdiction. *Cf. Zelaya v. United States*, 781 F.3d 1315, 1338 (11th Cir. 2015) (observing that when the United States has not waived sovereign immunity under the FTCA, federal courts are deprived of subject matter jurisdiction). Thus, the district court correctly dismissed Burns's complaint.

*Burns v. United States*, 809 Fed.Appx. 696, 701 (11th Cir. 2020)(Unpublished).

Accordingly, Plaintiff's claims arising out of libel or slander must be dismissed for lack of subject matter jurisdiction regardless of administrative exhaustion.

WHEREFORE, the United States of America, respectfully requests that the proceedings be dismissed pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    **s/ Charles S. White**
CHARLES S. WHITE
Assistant United States Attorney
Florida Bar No. 394981
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel.: 305.961.9286
Fax: 305.530-7139
Email: Charles.White@usdoj.gov
Counsel for United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2020 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.  I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By      s/ Charles S. White
CHARLES S. WHITE
Fla. Bar No. 394981
Assistant United States Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida   33132
Tel. (305) 961-9286
Fax. (305) 530-7139
E-mail: charles.white@usdoj.gov

## SERVICE LIST
### Gonzalez v. United States of America
### Case No. 20-cv-25019 DLG
### UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Joey D. Gonzalez, Esq.
Fla. Bar #127554
P.O. Box 145073
Coral Gables, FL   33114-5073
Tel: (305) 720-3114
Fax: (305) 676-8998
E-service: joey@joeygonzalezlaw.com
Plaintiff, *Pro Se*

Charles S. White
Assistant United States Attorney
charles.white@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida   33132
Tel. (305) 961-9286
Fax. (305) 530-7139
Attorney for Defendant USA

Beverly Virues, Esq.
Fla. Bar #123713
Garcia-Menocal & Perez
4937 SW 74th Ct # 3
Miami, FL 33155-4412
Office: (305) 553-3464
bvirues1@gmail.com
Attorney for Clifford Ramsey